■ CAROLYN RUSIN, Respondent, v NATALE J. GRASSO, Appellant, et al., Defendants. [805 NYS2d 337]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered August 10, 2004, after a nonjury trial, in favor of plaintiff and against defendant-appellant in the principal amount of $80,000, plus interest of $97,200, costs and disbursements, unanimously affirmed, with costs.

The trial court's finding that defendant defaulted on a $165,000 loan given to him by plaintiff, and that such default

occurred on December 1, 1990, at which time there was a principal outstanding balance of $80,000, is supported by overwhelming evidence. In particular, in the so-called "first" agreement of July 1990, defendant acknowledged, in clear and unambiguous language, that $80,000 remained unpaid on a loan of $165,000, and promised to repay it by repaying "an obligation of [plaintiff] to [a bank] in the original amount of $165,000." In addition, plaintiff submitted checks made out by defendant to this bank, one dated June 26, 1990 in the amount of $85,000 with the notation "Reduction of Principal," and the others in much smaller amounts bearing notations that they were for "interest"; the last such check is dated November 7, 1990. There is no documentary evidence of any other payments made by defendant to this bank. Defendant asserts that the $85,000 check was actually the final payment of the $80,000 balance plus an additional $5,000 that he loaned to plaintiff. In support thereof he submitted a "second" July 1990 agreement in which plaintiff acknowledged owing defendant $95,000 and defendant extended to plaintiff an additional $5,000. It is clear that the parties engaged in transactions other than the $165,000 loan in issue, and indeed, if it is an offset that defendant is seeking, plaintiff asked for one herself. However, the trial court properly refused to offset the obligation evidenced in the first agreement against those evidenced in the second. As the trial court aptly noted, there is no evidence showing any connection between the transactions, and the circumstances surrounding the second agreement "are anything but clear." Prejudgment interest was properly awarded from December 1, 1990, when defendant defaulted on the loan (CPLR 5501 [a]). Concur—Mazzarelli, J.P., Marlow, Williams, Sweeny and Catterson, JJ.